TELFAIR STOCKTON & COMPANY INC. *v.* TRUST COMPANY OF GEORGIA, executor, *et al.;* TRUST COMPANY OF GEORGIA, executor, *v.* TELFAIR STOCKTON & COMPANY INC.; and ASHLEY *v.* TELFAIR STOCKTON & COMPANY INC *et al.*

Nos. 16184, 16196, 16198. May 17, 1948. REHEARING DENIED JUNE 18, 1948.

804

808

T. M. Smith, MacDougald, Troutman, Sams & Branch, Tye, Thomson, Tye & Edmondson, and William G. Grant, for Telfair Stockton & Co. Inc., et al.

Poole, Pearce & Hall, Margaret Hills, James A. Branch, and Thomas B. Branch Jr., for Trust Company of Ga., and Ashley.

HEAD, Justice. ■ Headnote 1 requires no elaboration.

■ Under the allegations and prayers of the petition, two phases of equitable relief are sought. Without specific allegations that the petitioner is entitled to equitable subrogation, and without specific prayers for equitable subrogation, such relief is sought, in that the petitioner seeks the revival of a dormant judgment in equity, issued in the name of The Mortgage-Bond Company of New York, the revived judgment to be in the name of the petitioner.

The allegations of the petition are insufficient to show that the petitioner is entitled to either legal or conventional subrogation. Legal subrogation takes place as a matter of equity and without any agreement to that effect made with the person paying the debt, and is independent of both the creditor and the debtor. Legal subrogation is never applied for the benefit of a mere volunteer who pays the debt of another without any assignment or agreement for subrogation, and who is under no legal obligation to make such payment and not compelled to do so for the preservation of rights or property of his own. *Cornelia Bank* v. *First National Bank of Quitman*, 170 *Ga.* 747 (154 S. E. 234).

In this case there is attached to the petition as Exhibit "A" a purported assignment from The Mortgage-Bond Company to The Mortbon Corporation. The assignment does not recite that The Mortbon Corporation has paid any amount in money therefor. Assuming, without deciding, that the recitals of such assignment as to consideration might amount to a valuable consideration if consummated, there is nothing to show any consideration, for the reason that the conveying clause of the assignment is followed by conditions or limitations, which neither the assignment nor the pleadings show were ever completed or effectuated so as to make any consideration or constitute any assignment, either legal or equitable, from The Mortgage-Bond Company to The Mortbon Corporation.

Paragraph 4 of the petition, as amended, alleges that The Mortbon Corporation took an assignment under date of October 31, 1935, and that a copy is attached to the petition as Exhibit "A." Paragraph 12 alleges that the petitioner is the owner and holder of the equitable interest in the judgment sought to be en-

forced, although the legal title has not been conveyed to the petitioner, no assignment of the judgment having been made. Clearly the petition fails to show legal subrogation, since it is not shown that The Mortbon Corporation ever acquired title to the judgment sought to be enforced by the payment of the debt, or for that matter, by the payment of any valid or valuable consideration. To entitle the petitioner to legal subrogation, it would have to show payment of the debt and that such payment was not made by it as a mere volunteer. Nor would the petitioner be entitled to conventional subrogation under the agreement or assignment attached as Exhibit "A," since such assignment or exhibit does not show payment, or that it was ever actually completed or consummated. The assignment attached as Exhibit "A," by reason of the restrictions and limitations imposed therein, can not be construed as an agreement that The Mortbon Corporation is subrogated to all the rights and remedies of The Mortgage-Bond Company, nor can such assignment be construed as showing either payment of the judgment, or a valuable consideration therefor. See *McCollum* v. *Lark*, 187 *Ga.* 292 (200 S. E. 276).

The petition does not contain any allegation that any valuable consideration was paid by The Mortbon Corporation to The Mortgage-Bond Company. The petitioner does allege that it is the owner of the judgment sought to be revived. This might be true and yet the petitioner not be entitled to subrogation if its ownership should rest upon a fraudulent purpose or scheme to hinder, delay or defraud creditors or if its title was otherwise fraudulent. Under such circumstances the petitioner would have no standing in a court of equity.

The allegations of the petition clearly show that The Mortgage-Bond Company of New York proceeded to take a judgment in its own name on a suit pending in its name at the time of the alleged assignment and transfer. It is also alleged that at the time the corporate charter of The Mortgage-Bond Company was dissolved, on June 4, 1945, there was pending in the Superior Court of Fulton County a petition for scire facias in the name of The Mortgage-Bond Company to revive the judgment. The petition states that the foreclosure proceeding and the petition for

revival of the judgment were both brought for the benefit of the petitioner. The pleaded facts not only fail to support the allegation that the foreclosure proceeding and the proceeding to revive the dormant judgment were for the benefit of the petitioner, but on the contrary, such actions in the name of The Mortgage-Bond Company clearly imply that they were for the benefit of The Mortgage-Bond Company. Under the rule that all reasonable inferences and deductions legitimately drawn from the allegations of the petition will be construed most strongly against the pleader, the clear inference would arise that the assignment attached as Exhibit "A" never became operative, and that The Mortbon Corporation never acquired any interest in the judgment which is now sought to be revived.

The allegations of the petition, as amended, do not make a case for either legal or conventional subrogation, and the court properly sustained the general demurrer thereto. It follows that the cross-actions of the defendants, based on the theory that the original sale of the property was void, are without merit, no assignment either in law or in equity being shown by The Mortgage-Bond Company to The Mortbon Corporation. The court properly sustained the demurrers to the cross-actions.

*Judgment affirmed on the main bill in Case No. 16196, and the cross-bill in Case No. 16198, and judgment affirmed in Case No. 16184. All the Justices concur.*